UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                                Case No. 8:23-cr-199-TPB-AAS

JAMES EUGENE SMITH,

     Defendant.
_____/

**ORDER DENYING "DEFENDANT'S FACIAL AND AS-APPLIED CHALLENGE TO THE CONSTITUTIONALITY OF 18 U.S.C. § 922(G)(1) AND MOTION TO DISMISS THE INDICTMENT"**

This matter is before the Court on "Defendant's Facial and As-Applied Challenge to the Constitutionality of 18 U.S.C. § 922(g)(1) and Motion to Dismiss the Indictment," filed by counsel on October 18, 2023. (Doc. 31). On November 1, 2023, the United States of America filed a response in opposition. (Doc. 34). Upon review of the motion, response, case file, and the record, the Court finds as follows:

On January 14, 2023, Defendant was involved in a road rage incident where he was shot by the occupant of another vehicle.[1] According to Defendant, in defense of his life and that of his fiancé, he returned fire but mistakenly shot at the wrong vehicle.[2] He stopped at a gas station, called 911, and waited for officers to arrive. Defendant was then arrested on state charges and released on bond.

Because Defendant is a convicted felon, he is charged in a one-count

---

[1] The Court notes that in its response in opposition, the Government indicates that the other driver involved in the road rage incident claims that Defendant shot first.
[2] The vehicle that Defendant mistakenly shot at had two teenage girls who had no role in the earlier exchange of gunfire and were injured by shattered glass.

indictment with knowingly possessing a firearm as a person who was previously convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).[3]  (Doc. 1).  Defendant challenges the constitutionality of 18 U.S.C. § 922(g), arguing that the prohibition against a felon possessing a firearm is unconstitutional under recent Second Amendment jurisprudence.

This exact issue was recently examined in *United States v. Kirby*, No. 3:22-cr-26-TJC-LLL, 2023 WL 1781685 (M.D. Fla. Feb. 6, 2023) (Corrigan, J.).  As Chief Judge Corrigan explains, the Court is bound by *United States v. Rozier*, 598 F.3d 768, 771 (11th Cir. 2010), which holds that statutory restrictions on firearm possession, such as § 922(g), are constitutional and therefore permissible.  *Id*. at *3.  And "[e]ven if the Court was not bound by *Rozier*, […] § 922(g)(1) is part of the historical tradition of the Second Amendment."[4]  *Id*. (collecting cases).

Defendant also argues that § 922(g)(1) exceeds Congress's authority under the Commerce Clause, presenting both facial and as-applied challenges.  Again, Chief Judge Corrigan addressed this same issue, explaining that "this Court is bound by Eleventh Circuit precedent rejecting both facial and as-applied challenges to 922(g)(1) on this ground."  *Id*. at *4 (citing *United States v. Wright*, 607 F.3d 708,

---

[3] Defendant was previously convicted of the following offenses:  (1) possession of cocaine; (2) possession of cocaine; (3) sale of cocaine; (4) possession of cocaine; (5) delivery of cocaine; (6) fleeing to elude; and (7) possession of cocaine.

[4] The Court notes that other courts have reached this same conclusion following the Supreme Court's decision in *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2126 (2022), which requires the government to "affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *See Kirby*, 2023 WL 1781685, at *3 (collecting cases).

715-16 (11th Cir. 2010); *United States v. Scott*, 263 F.3d 1270, 1271-74 (11th Cir. 2001)).

For these reasons, as explained in greater detail by the court in *Kirby*, "Defendant's Facial and As-Applied Challenge to the Constitutionality of 18 U.S.C. § 922(g)(1) and Motion to Dismiss the Indictment" (Doc. 31) is denied.

**DONE AND ORDERED** in Chambers, in Tampa, Florida, this <u>28th</u> day of November, 2023.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**